IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRAVONE WILLIAMS, | ) | |
| AIS # 182001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:25-CV-813-WKW |
| | ) | [WO] |
| TONY D. PETERSON and | ) | |
| SGT. THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Travone Williams, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) Along with his complaint, Plaintiff filed a handwritten motion to proceed *in forma pauperis*. (Doc. # 2.) On October 20, 2025, the court issued an Order ("October 20 Order") instructing Plaintiff to

> either pay the $350.00 filing fee and $55.00 administrative fee or file a motion to proceed *in forma pauperis* using the correct application form accompanied by an affidavit and documentation from the inmate account clerk showing the average monthly balance in and average monthly deposits to his prison account for the six-month period immediately preceding the filing of his Complaint.

(Doc. # 3.) The October 20 Order set a deadline of November 3, 2025, and expressly cautioned Plaintiff "that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an Order of the Court." (Doc. # 3.) To date, Plaintiff has neither paid the filing and

administrative fees nor filed a proper motion to proceed *in forma pauperis* accompanied by his inmate account statement as directed.

Because Plaintiff has failed to comply with the court's October 20 Order, this case is due to be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, in *Wilson v. Sargent*, the Eleventh Circuit instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the Order, such as by authorizing payment by prison officials. *See* 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321. Although the October 20 Order did not instruct Plaintiff to pay an initial partial filing fee, the court finds it prudent to take reasonable steps to ascertain whether Plaintiff attempted to comply with the October 20 Order before dismissal, as called for by the Eleventh Circuit in *Wilson*.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **December 9, 2025**, why this action should not be dismissed without prejudice for his failure to comply with the court's October 20 Order. The

parties are advised that this show-cause order is not a final order and, therefore, is not appealable.

Plaintiff is CAUTIONED that his failure to timely file a response to this show-cause Order will, without further notice, result in dismissal for failure to prosecute and comply with an Order of the court.

DONE this 18th day of November, 2025.

_____/s/ W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE