IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRAVONE WILLIAMS, AIS # 182001, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:25-CV-813-WKW [WO] |
| TONY D. PETERSON and SGT. THOMAS, | ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Plaintiff Travone Williams, an inmate proceeding *pro se*, filed a complaint

pursuant to 42 U.S.C. § 1983 (Doc. # 1) and a handwritten motion to proceed *in*

*forma pauperis* (IFP) (Doc. # 2).  By Order dated October 20, 2025, Plaintiff was

instructed to either pay the filing and administrative fees or file a proper application

to proceed IFP accompanied by his prison account statement no later than November

3, 2025.  (Doc. # 3 ("October 20 Order").)  When Plaintiff failed to comply with the

October 20 Order, a second Order was issued on November 18, 2025, granting

Plaintiff until December 9, 2025, to show cause for his failure to comply.  (Doc. # 4

("November 18 Order").[1])  On December 15, 2025, the court received and docketed

---

[1] The November 18 Order was erroneously docketed twice.  (*See* Docs. # 4 & 5.)

Plaintiff's IFP application (Doc. # 6), account statement (Doc. # 7), and response to the November 18 Order (Doc. # 8).

Based on the information submitted by Plaintiff, an initial partial filing fee of $10.00 was assessed, and Plaintiff's IFP application was granted. (Doc. # 9 ("December 18 Order").) The December 18 Order set a deadline of January 5, 2026, for Plaintiff to pay his initial partial filing fee. (Doc. # 9 at 2.) After Plaintiff failed to pay the initial partial filing fee as directed, an Order was issued on January 21, 2026, instructing Plaintiff to show cause why his case should not be dismissed for his failure to pay the initial partial filing fee. (Doc. # 12 ("January 21 Order").) On February 20, 2026, Plaintiff's response to the January 21 Order, which he dated February 5, 2026, was received and docketed. (Doc. # 13.) Plaintiff's response was construed as a motion for an extension of the deadline to pay his initial partial filing fee, and the deadline was extended to March 16, 2026. (Doc. # 14 ("February 24 Order").) Like its predecessor Orders, the February 24 Order expressly cautioned Plaintiff that his failure to comply would result in dismissal of this action. (Doc. # 14 at 4.)

To date, Plaintiff still has not paid the $10.00 initial partial filing fee as directed nor requested an extension to do so. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with numerous court Orders, despite their express directives and warnings. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 25th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE